**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Southern Division)

|  |  |  |
|---|---|---|
| **CRISTINA M. EDWARDS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Civ. No. GLS 25-2545** |
| | : | |
| **COSTCO WHOLESALE CORPORATION,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER RELATED TO**
**PLAINTIFF'S MOTION TO COMPEL**

Pending before the Court is a "Motion to Compel Subpoena Responses from HTI Polymer Inc. or in the Alternative, Motion to Hold HTI Polymer Inc. in Contempt" ("Motion"), filed by Plaintiff Cristina M. Edwards ("Plaintiff"). (ECF No. 36).  Attached to the Motion are the following documents: (1) Records Subpoena; (2) Notice of Deposition Duces Tecum; (3) Certified Mail Return Receipt; and (4) April 30, 2026, email from Plaintiff's counsel to HTI Polymer Inc. (ECF Nos. 36-1, pp. 2, 5-7, 8; 36-2).

The Court has reviewed the Motion and attachments, and the applicable case law.  No motion to quash or modify the subpoena has been filed, and the time for any response to the Motion has passed.  *See* Local Rule 105.2 (D. Md. 2025).  No hearing is necessary.  *See* Local Rule 105.6. (D. Md. 2025).  For the reasons presented below, the Court **GRANTS** the Motion.

**I.      BACKGROUND**

On August 4, 2025, Plaintiff filed a Complaint against Defendant Costco Wholesale Corporation ("Defendant"). (ECF No. 3).  As the parties engaged in discovery, Plaintiff "was advised that HTI Polymer Inc. performed maintenance and/or work on the subject premises and

1

subject area where the alleged incident occurred." (Motion, p. 1).  Thereafter, on February 26, 2026, Plaintiff claims that it properly served HTI Polymer Inc. ("HTI") with a Fed. R. Civ. P. 45 subpoena, seeking the production of certain documents, and served a notice of deposition directed at a representative of HTI. (ECF No. 36-1, pp. 2, 5-8).  In brief, the documents requested relate to work allegedly performed by HTI at the Costco Wholesale property that is the subject of the complaint. (*Id.*).  In the Motion, Plaintiff further represents that she served the subpoena on HTI's registered agent, and that, to date, HTI has neither contacted counsel or otherwise moved to quash or modify the subpoena. (Motion, p. 2).  In support of her arguments, Plaintiff provides proof of service of the subpoena and notice. (ECF Nos. 36-1, pp. 1-8; 36-2, p.1).  Thus, Plaintiff now seeks an order directing HTI to respond to the Subpoena and Notice of Duces Tecum and produce the complete set of responsive documents by a certain date. (Motion, pp. 2-3).  In addition, relying upon Fed. R. Civ. P. 45(g), Plaintiff requests that HTI be held in contempt should they fail to comply by the Court's deadline. (*Id*.).

## II.    DISCUSSION

Pursuant to Fed. R. Civ. P. 45(g), a court may "hold in contempt a person who, having been served [a subpoena], fails without adequate excuse to obey the subpoena or an order related to it."

As a preliminary matter, the Federal Rules require that a subpoena:

> (i) state the name of the court from which it has been issued; (ii) state the title of the action and civil-action number; (iii) command attendance, production, or inspection and specify the time and place for doing so; and (iv) contain the text of subdivisions 45(d) and 45(e), which address the protection of persons subject to the subpoena and the duties in responding.

2

Fed. R. Civ. P. 45(a).  In addition, a subpoena is properly served by "delivering a copy to the named person." *In re Newbrook Shipping Corp.*, 31 F.4th 889, 896 (4th Cir. 2022) (quoting Fed. R. Civ. P. 45(b)(1)).  The party serving the subpoena must file a "statement showing the date and manner of service and the names of the persons served." Fed. R. Civ. P. 45(b)(4).  More specifically, the deposition notice or subpoena to a public or private corporation should "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6); Local Rule App. A, Guideline 5(a) (D. Md. 2025).

Having reviewed Plaintiff's submission, Plaintiff's subpoena to HTI satisfies the requirements enumerated in Rules 30 and 45.  First, the subpoena provided HTI with the name of the issuing court, the title of the action, and the civil-action number, and the command to respond and/or produce by March 23, 2026, in accordance with Rule 45(a).  Second, the subpoena included the text of Rule 45(d)-(g) alerting HTI to the consequences for a failure to comply.  Third, Plaintiff provided proof that she mailed the subpoena to the resident agent by Restricted Delivery on February 26, 2026.  Fourth, the deposition notice contains requests for documents that are reasonably particular to HTI's specific involvement with the premises and/or subject area at issue.  Thus, the Court concludes that Plaintiff's service of the subpoena was proper.

Next, a subpoena must be quashed or modified when it: "(1) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d).  In addition, to "protect a person subject to or affected by a subpoena, the court may, on motion, quash, or modify the subpoena if it requires: (i) disclosing a trade secret or other conditional research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that

does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." *Id*.  A subpoenaed person who seeks to assert a claim of privilege or protection "must expressly make the claim and describe the nature of the withheld documents, communications, or tangible things" as to allow all parties to access the claim. Fed. R. Civ. P. 45(e)(2)(A).

Having reviewed the record before me, HTI has made "neither a timely motion to quash or modify the subpoena, nor an express claim of privilege or protection." *Anderson v. Prince George's Cnty., MD*, Civ. No, TDC-13-1509, 2014 WL 2926537, at *2 (D. Md. June 26, 2014). Next, there is no evidence before me that any of the circumstances enumerated in Rule 45(d) apply here. Lastly, there is no evidence that HTI has asserted a Rule 45(e)(2)(A) privilege claim to protect it from having to produce the documents. Accordingly, the Court hereby **ORDERS** HTI to produce the requested documents by no later than 21 days from the date of this Order.

Finally, in the absence of a timely motion, the Court may exercise its discretion and order HTI to appear before the Court to provide adequate excuse for its failure to comply. *See Blackmer v. United States*, 284 U.S. 421, 435 (1932) ("Upon proof of ... service and of failure of the witness to appear, the court may make an order requiring the witness to show cause why he should not be punished for contempt."); *see also Dunkin v. Donuts, Inc. v. Three Rivers Entm't & Travel*, 2002 WL 173832, at *1 (4th Cir. 2002) ("[A]though there are no specific procedural steps to follow in civil contempt proceedings, due process requires that the [alleged contemnor] be given the opportunity to be heard at a 'meaningful time and in a meaningful manner.'") (quoting *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975)); *see also United States v. Bigwitch*, 917 F.2d 558 (4th Cir. 1990) (a person who fails to obey the subpoena or an order related to it, without filing a motion to quash or modify the subpoena, may be ordered to appear

4

before the Court to show cause as why they should not be held in contempt. Fed. R. Civ. P. 45(g)).

Having reviewed the record, if HTI fails to comply with the Court's order, upon receiving notice from the Plaintiff of a continued deficiency, the Court will promptly schedule a show cause hearing during which HTI shall establish why the Court should not hold it in contempt.

**III. CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED**.  The Court **ORDERS** HTI to comply with the subpoena within 21 days of the service of this Memorandum Opinion and Order. Plaintiff shall serve a copy of this Memorandum Opinion and Order upon HTI and provide proof to the Court of the same.

Dated: July 28, 2026                                                    /s/
                                                     The Honorable Gina L. Simms
                                                     United States Magistrate Judge